## CIRCUIT COURT OF FAIRFAX COUNTY

William B. Brooks

v.

Quality Moving and
Storage Co., Inc., et al.

### July 31, 1985

### Case No. (Law) 65267

By JUDGE THOMAS A. FORTKORT

*Question Presented:*

Are Defendants immune from suit under the exclusivity provision of the Virginia Workers' Compensation Act?

*Short Conclusion:*

Although Defendant Quality Moving is immune from suit, Defendant Arrow Transfer and its employee are not.

*Discussion:*

In the present case, Intercontinental Export, Ltd., contracted with the United States government to move the personal effects and furniture of military families. Because Intercontinental is statutorily precluded as a freight forwarder from owning its own trucks, it contracted with Mason Dixon Lines, the Plaintiff's employer, and Quality Moving and Storage Inc., to make the actual transfer of goods. There was no direct contractual relationship between Mason Dixon and Quality Moving. While signing lading slips, after arriving at a warehouse occupied by Quality Moving and managed by Arrow Transfer Company,

Plaintiff was injured by John Doe (now identified as "Ruffner"), an employee of Arrow Transfer. Quality Moving had contracted with Arrow Transfer to do repair work on its trucks, and Ruffner was returning the Quality Moving truck to its bay after repairs when the accident occurred. (Although the Motion for Judgment and the Plea of Workers' Compensation Immunity indicate that this truck was owned by Arrow Transfer, the evidence at the July 1985 hearing indicated the truck was owned by Quality).

The Defendants have made a Plea of Workers' Compensation Immunity. In support of this plea, they assert that they are all involved in the same business as Intercontinental, and, as such, are all immune from suit under the exclusivity provision of Virginia's Workers' Compensation Act, Va. Code sec. 65.1 *et seq.* (1980 Repl. Vol. and Cum. Supp. 1985).

By virtue of these sections, the exclusivity of remedy provision of the Workers' Compensation Act can be used to shield all owners, general contractors, and subcontractors working on a project from common law liability. The concept of statutory employer is important in determining whether the *employees* of one subcontractor may maintain an action against another subcontractor and its employees when there is no direct contractual relationship between the parties. When a contractor engages in work which is part of the trade, business or occupation of an owner, the employees of that contractor become the statutory employees of the owner. If other subcontractors are also engaged in the trade, business or occupation of the owner, they will be protected from common law actions brought by statutory employees of the owner in the same way that the owner would be protected from these suits. The Virginia Workers' Compensation Act would therefore be a statutory employee's only remedy.

In this case if the Court construes the owner/general contractor Intercontinental Export, Ltd., to be in the contracting business rather than the moving business, all parties become strangers to the job and common law actions can be maintained.

In *Kramer v. Kramer*, 199 Va. 409 (1957), the court held that a church engaged in building of a church building was not in the building business but in religion. The building of a church was incidental to its main purpose.

In *Anderson v. Thorington Construction Co.*, 201 Va. 226 (1959), independent contractors were unable to pursue common law remedies because a turnpike authority was deemed to be in the business of building roads although it did not do any of the work itself.

The present case is an *Anderson* case rather than a *Kramer* case because Intercontinental is in the "moving business." Thus Intercontinental and its subcontractor Quality are exempt from suit.

Arrow and its employee Ruffner are subject to a different analysis.

The following test has been applied by the Virginia Supreme Court to determine whether the work of a particular contractor is within the trade, business or occupation of a putative statutory employer.

> [T]he test is not whether the subcontractor's activity is useful, necessary or even absolutely indispensable to the statutory employer's business, since, after all, this could be said of practically any repair, construction or transportation service. The test (except in cases where the work is obviously a subcontracted fraction of a main contract) is whether the indispensable activity is normally carried on through employees rather than independent contractors.

*Bassett Furniture Industries, Inc. v. McReynolds*, 216 Va. 897, 902 (1976) (quoting *Shell Oil v. Leftwich*, 212 Va. 715, 722 (1972). (Applying this test, the court in *Bassett* determined that a construction contractor's employee is not the statutory employee of a furniture manufacturer because construction work was not normally done by the employees of that manufacturer or by furniture manufacturers in general). *See also Farrish v. Courion Industries, Inc.*, 722 F.2d 74 (4th Cir. 1983). (Specialized maintenance repairs conducted by an elevator company for a university were not part of the normal business of a university, although university employees did general maintenance work).

Applying this analysis, because Mason Dixon contracted with Intercontinental to do a portion of the work contracted out by Intercontinental, it was necessarily doing work

which is part of Intercontinental's business. This would make the Plaintiff, as Mason Dixon's employee, the statutory employee of Intercontinental. Moreover, because Quality Moving was also doing work within the scope of Intercontinental's business, Quality Moving would not be an "other party" within the meaning of Virginia's Workers' Compensation Act. It would therefore be immune from this action. Arrow Transfer and its employee, Ruffner, would still be amenable to suit, because there is no evidence that the type of specialized truck repair work done by Arrow Transfer under its contract with Quality Moving is normally done by those in the moving business. See Farrish v. Courion Industries, Inc., 722 F.2d 74 (4th Cir. 1983) (comparing routine and specialized maintenance work within the context of the Workers' Compensation Act).

### Conclusion:

Plaintiff, a Mason Dixon employee, is a statutory employee of Intercontinental. Quality Moving was also doing work within the scope of Intercontinental's business. As a result, Quality Moving is shielded from an action brought by a Mason Dixon employee by virtue of Intercontinental's workers' compensation coverage on its statutory employees.

Arrow Transfer and its employees are amenable to a common law suit, because the repair work done by Arrow Transfer under its contract with Quality Moving is not the kind of work normally done by those in the moving business, and is therefore not within the scope of Intercontinental's trade, business or occupation.